USCA1 Opinion

 

 November 17, 1992 UNITED STATES COURT OF APPEALS FOR THE FIRST CIRCUIT ___________________ No. 92-1438 UNITED STATES OF AMERICA, Appellee, v. ARTHUR RUMNEY, Defendant, Appellant. ____________________ ERRATA SHEET The cover sheet of the opinion of this court issued on November 13, 1992 is amended as follows: Line 16: insert "," after the name "Boudin." Line 19: the name "Rummey" should be changed to "Rumney." Line 20: the name "Petter" should be changed to "Peter." Line 21: the name "Pappas" should be changed to "Papps." November 13, 1992 UNITED STATES COURT OF APPEALS FOR THE FIRST CIRCUIT ___________________ No. 92-1438 UNITED STATES OF AMERICA, Appellee, v. ARTHUR RUMNEY, Defendant, Appellant. __________________ APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF NEW HAMPSHIRE [Hon. Shane Devine, U.S. District Judge] ___________________ ___________________ Before Selya, Cyr and Boudin, Circuit Judges. ______________ ___________________ Arthur Rumney, on brief pro se. _____________ Jeffrey R. Howard, United States Attorney, and Peter E. __________________ _________ Papps, First Assistant United States Attorney, on Motion for _____ Summary Disposition. Per Curiam. Petitioner was convicted of being a felon __________ in possession of a firearm in violation of 18 U.S.C. app. 1202(a)(1). Based on his several prior felony convictions for burglary and robbery, he received the mandatory minimum fifteen-year sentence prescribed by the sentence enhancement provisions of the statute. His conviction and sentence were affirmed on appeal. United States v. Rumney, 867 F.2d 714 ______________ ______ (1st Cir.), cert. denied, 491 U.S. 908 (1989). Petitioner ____________ then filed his first motion to vacate his sentence under 28 U.S.C. 2255. The district court denied that motion and two subsequent motions for reconsideration. This court affirmed. United States v. Rumney, No. 91-1505 (1st Cir. Nov. 13, ______________ ______ 1991). Petitioner now appeals the denial of a cluster of new motions he brought in the district court between January and March, 1992: a second 2255 motion, and four subsequent motions, variously labeled, which the district court liberally interpreted as seeking reconsideration, on various grounds, of the denial of his second motion for collateral relief under 2255. We affirm the first three of the district court's recent decisions for substantially the same reasons stated by that court in each of its careful opinions of January 21, February 4, and February 21, 1992. We also affirm the district court's fourth and fifth decisions of March 10, and March 24, 1992, disposing of petitioner's last two motions for reconsideration, but on somewhat different grounds. Petitioner argued that his sentence should be set aside because prior to the date of the offense charged in his indictment, his civil rights (including presumably his right to possess firearms) had been restored by New Hampshire law. The district court rejected this argument because New Hampshire does not automatically grant to felons the right to possess firearms. We find it unnecessary to address the scope of New Hampshire law in this case, because the law in effect at the time of petitioner's offense incorporated a federal, and not a state law standard, for determining the effect of petitioner's prior felony convictions. Petitioner was indicted in February, 1988 for violating 18 U.S.C. app. 1202(a). 1202(a) was the law in effect on November 3, 1986, the date petitioner was found in possession of a firearm despite several prior felony convictions. Under 1202(a), the definition of a prior felony "conviction," for purposes of determining the existence of predicate offenses, is determined by federal, not state law. See Dickerson v. ___ _________ New Banner Inst., Inc., 460 U.S. 103, 111-12 (1983). Since a ______________________ state's later restoration of a convicted felon's "civil rights" would not change the historical fact of the conviction, under Dickerson it does not bar a conviction and _________ -4- sentence enhancement prescribed by 1202(a). Dickerson, 460 _________ U.S. at 111-12. Effective November 15, 1986, 18 U.S.C. app. 1202(a), was repealed and reenacted. The statute's felon-in- possession provisions were incorporated into 18 U.S.C. 922(g), while the penalty enhancement provisions, in somewhat broader form, were incorporated into 18 U.S.C. 924(e). At the same time, the definition of "conviction" applicable to federal firearms violations, contained in 18 U.S.C. 921(a)(20), was amended. The amendment redefined "conviction," by requiring reference to the law of the jurisdiction where the predicate conviction occurred. If that jurisdiction set aside the conviction, issued a pardon or restored the defendant's civil rights without expressly providing that he may not possess firearms, the offense would not constitute a "conviction" under the federal law. By virtue of the general saving statute, 1 U.S.C. 109, however, petitioner's case was properly prosecuted under 1202(a). The repeal of any statute shall not have the effect to release or extinguish any penalty, forfeiture, or liability incurred under such statute, unless the repealing Act shall so expressly provide, and such statute shall be treated as still remaining in force for the purpose of sustaining any proper action or prosecution for the enforcement of such penalty, forfeiture, or liability. 1 U.S.C. 109. -5- The saving statute abolished the common-law presumption that repeal of a criminal statute results in an abatement of prosecutions for acts committed prior to the statute's repeal. It fosters, instead, a Congressional policy of avoiding technical abatements and a determination that one who violates the law should not escape sanction by the mere happenstance that the law was repealed after the criminal act was committed. The saving statute is equally applicable to statutory repeals coupled with reenactments (as here) as it is to outright repeals. See Warden, Lewisburg Penitentiary ___ ______________________________ v. Marrero, 417 U.S. 653, 660 (1974); Bradley v. United _______ _______ ______ States, 410 U.S. 605 (1973). ______ Since petitioner's offense was properly the subject of indictment and conviction under 1202(a), despite the statute's repeal and reenactment prior to petitioner's indictment, we see no reason to now revisit the facts of his case for the purpose of determining whether the predicate "convictions" would be similarly defined under the later amendment. The change made by the amendment to 18 U.S.C. 921(a)(20) seems to us to be the very type of substantive change contemplated by the saving statute, as it redefines the conduct that may result in liability. But cf. United _______ ______ States v. Kolter, 849 F.2d 541, 544 (11th Cir. 1988). ______ ______ In denying retroactive effect to the amendment to 921(a)(20), we join the majority of circuit courts that have -6- ruled on the question. Davis v. United States, 972 F.2d 227, _____ _____________ 230 (8th Cir. 1992); United States v. Brebner, 951 F.2d 1017, _____________ _______ 1023 (9th Cir. 1991); United States v. Holley, 818 F.2d 351, _____________ ______ 353 (5th Cir. 1987). We are aware that one circuit court has reached the opposite result by applying the rule of statutory interpretation described in Bradley v. School Board of _______ _________________ Richmond, 416 U.S. 696 (1974). See United States v. Kolter, ________ ___ _____________ ______ 849 F.2d 541, 545 (11th Cir. 1988). In Bradley, it was _______ reasoned that a court should apply "the law in effect at the time it renders its decision, unless doing so would result in ______ manifest injustice or there is statutory direction or legislative history to the contrary." Bradley, 416 U.S. at _______ 711 (emphasis added). We have previously indicated that we do not think this principle is ordinarily applicable to changes in substantive criminal law. United States v. ______________ Havener, 905 F.2d 3, 5-6 (1st Cir. 1990). In any event, we _______ also agree with those courts which have found in the legislative history and statutory design of the amendment to 921(a)(20), indications of a Congressional direction to apply the amendment prospectively only. See Brebner, 951 ___ _______ F.2d at 1023 & n.6 (Congress manifested its intent that amendment should not apply retroactively by expressly delaying its effective date for six months while simultaneously designating other statutory revisions for -7- immediate effectiveness); Davis, 972 F.2d at 229-30 (Congress _____ expressed intention to avoid retroactive effect by expressly limiting use of amended 921(a)(20) definition to Chapter 44 of the Act, despite Congressional awareness that repealed 1202(a) would continue to apply to pending cases); Holley, ______ 818 F.2d at 353-54 (legislative history shows Congress intended amendment to expand class of persons eligible for relief under Act, not to change previous law). For the reasons stated, we affirm the district court's ______ dismissal of petitioner's 2255 motion and his four subsequent motions. __________________ __________________ -8-